# UNITED STATES DISTRICT COURT

for the

District of Arizona

Prescott Division

| | |
|---|---|
| MONICA BROWN<br><br>*Plaintiff*<br><br>v.<br><br>JUMBO LOGISTICS LLC and ORBITZ TRANS INC.<br><br>*Defendants* | Case No. _____<br><br>Jury Trial Requested |

**COMPLAINT FOR A CIVIL CASE**

COMES NOW Plaintiff, by and through the undersigned counsel, and for her complaint against Defendants, she alleges as follows:

**PARTIES**

1. Plaintiff **Monica Brown** is an individual who is a citizen of the State of Texas.

2. Defendant **Jumbo Logistics LLC** is a Ohio limited liability company whose registered agent is Jabarjeet S Bhinder, 1229 Deepwood Dr, Macedonia, OH 44056. Its registered office is 1229 Deepwood Dr, Macedonia, OH 44056. On information and belief, the members of Jumbo Logistics LLC are: Ramanpreet Bhinder, who is a citizen of the State of California; Jabarjeet S. Bhinder, who is a citizen of the State of Ohio; and Ray Bhinder, who is a citizen of the State of Ohio. Therefore, Jumbo Logistics LLC is a citizen of the States of California and Ohio.

3. Defendant **Orbitz Trans Inc** is a California corporation whose registered agent is Veer Balwinder Singh, 7812 Corte Castillo, Riverside, CA 92509. Its principal

place of business is located at 7812 Corte Castillo, Riverside, CA 92509. Therefore, Orbitz Trans Inc. is a citizen of the State of California.

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the state of citizenship of the plaintiff is diverse from the state of citizenship of each defendant. To wit, Plaintiff is a citizen of the State of Texas, while Defendant Jumbo Logistics LLC is a citizen of the States of California and Ohio, and Orbitz Trans Inc. is a citizen of the State of California. In addition, Plaintiff is seeking compensation in excess of $75,000 for personal injuries she sustained in the motor vehicle accident at issue.

5. Venue is proper in this District under 28 U.S.C. §§ 1391(b)(2) because the motor vehicle accident at issue occurred in this district.

## CONDITIONS PRECEDENT

6. All conditions precedent to Plaintiff's claims for relief have been performed or have occurred.

## FACTS

7. On or about March 18, 2020, Plaintiff was a part of a multi-vehicle collision on Interstate 40 Westbound at mile post marker #158.5 in Williams, Coconino County, Arizona.

8. While stationary in traffic, Plaintiff's blue 2016 Chevy Cruse was struck on the passenger side by a white 2015 Freightliner Cascadia operated by Orbitz Trans Inc by and through its agent Arturo Reynoso Hernandez, who was operating the vehicle within the course and scope of his employment.

9. On information and belief, the collision may have been caused, in whole or in part, when Orbitz Trans Inc.'s 2015 Freightliner Cascadia was struck by a red 2018 Freightliner New Cascadia that was being operated by Jumbo Logistics LLC by and through its agent Sukhjinder Singh, who was operating the vehicle within the course and scope of his employment.

10. At the time the collision occurred, the roadway was covered with snow, ice, and rainwater due to ongoing inclement weather. Despite the hazardous road conditions created by the inclement weather, several commercial motor vehicles, including those operated by Defendants, were traversing the highway rather than discontinuing operations until the conditions improved.

11. Because Orbitz Trans Inc. and Jumbo Logistics LLC were operating their vehicles while the roadway provided very limited traction due to the snow cover, rainwater, and ice, they were unable to maintain proper control of their vehicles and proper contact with the road surface. As a result, Plaintiff was injured.

### COUNT ONE – Negligence against Orbitz Trans Inc

12. Plaintiff incorporates by reference the facts alleged above.

13. At the time of the accident, Defendant Orbitz Trans Inc. had a duty to operate its vehicle with reasonable care. Given the road conditions at the time of the accident, Defendant also had a duty to exercise "extreme caution" in operating its commercial motor vehicle and to discontinue operation if conditions became sufficiently dangerous. 49 C.F.R. § 392.14.

14. Defendant Orbitz Trans Inc. breached this duty by failing to maintain control of its vehicle and failing to exercise extreme caution, thereby causing it to depart from its lane of travel into the lane that was being travelled by Plaintiff.

15. As a result of Defendant's breach of duty, Plaintiff suffered bodily injury, past and future emotional and mental distress, past and future pain and suffering, past and future diminished earning capacity, and past and future medical expenses.

### COUNT TWO – Negligence per se against Orbitz Trans Inc

16. Plaintiff incorporates by reference the facts alleged above.

17. Pursuant to 49 C.F.R. § 392.14, operators of commercial motor vehicles are required to discontinue operation of the vehicles when hazardous road conditions, such as those caused by snow, ice, sleet, and rain that adversely affect visibility and traction, become "sufficiently dangerous".

18. Defendant violated the statute by continuing to operate its vehicle in hazardous conditions. The statute was enacted for safety. The harm caused by Defendant was the type designed to be prevented by the statute, i.e., accidents with commercial vehicles due to hazardous road conditions. Plaintiff, a motorist, was a member of the class of persons that the statute protects.

19. As a result of Defendant's breach of duty, Plaintiff suffered bodily injury, past and future emotional and mental distress, past and future pain and suffering, past and future diminished earning capacity, and past and future medical expenses.

### COUNT THREE – Negligence against Jumbo Logistics LLC

20. Plaintiff incorporates by reference the facts alleged above.

21. At the time of the accident, Defendant Jumbo Logistics LLC had a duty to operate its vehicle with reasonable care. Given the road conditions at the time of the accident, Defendant also had a duty to exercise extreme caution in operating its commercial motor vehicle and to discontinue operation if conditions became sufficiently dangerous. 49 C.F.R. § 392.14.

22. Defendant Orbitz Trans Inc. breached this duty by failing to maintain control of its vehicle and failing to control the speed of the vehicle, thereby causing it to strike other vehicles on the roadway, which ultimately caused Plaintiff's vehicle to be struck.

23. As a result of Defendant's breach of duty, Plaintiff suffered bodily injury, past and future emotional and mental distress, past and future pain and suffering, past and future diminished earning capacity, and past and future medical expenses.

### COUNT FOUR – Negligence per se against Jumbo Logistics LLC

24. Plaintiff incorporates by reference the facts alleged above.

25. Pursuant to 49 C.F.R. § 392.14, operators of commercial motor vehicles are required to reduce their speed when road conditions, such as those caused by snow, ice, sleet, and rain adversely affect visibility and traction. In addition, when the conditions become "sufficiently dangerous", the operation of the vehicle must be discontinued.

26. Defendant violated the statute by continuing to operate its vehicle in hazardous conditions and by failing to reduce the speed of the vehicle. The statute was enacted for safety. The harm caused by Defendant was the type designed to be prevented by the statute, i.e., accidents due to hazardous road conditions. Plaintiff, a motorist, was a member of the class of persons that the statute protects.

27. As a result of Defendant's breach of duty, Plaintiff suffered bodily injury, past and future emotional and mental distress, past and future pain and suffering, past and future diminished earning capacity, and past and future medical expenses.

### JURY DEMAND

28. Plaintiff hereby demands a jury trial.

### PRAYER

29. Plaintiff asks the Court to render judgment in her favor and award the following:

a. Actual damages in an amount determined by the jury;
b. Attorney fees;
c. Cost and expenses; and
d. Such other and further relief as the Court deems just and proper.

                                        Respectfully submitted,

*s/ Leroy Scott*
Leroy B. Scott, Ph.D.
Texas Bar No. 24083824

**SCOTT LAW, PLLC**
5718 Westheimer Road, Ste. 1000
Houston, TX 77057
Tel: (800) 491-0780
Fax: (713) 583-1158
Email: lscott@scottesq.com

ATTORNEY FOR PLAINTIFF